DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Wylman Johnson, appeals the decision of the Lorain County Court of Common Pleas, which sentenced him to a prison term of two years. This Court affirms.
 I. {¶ 2} On September 9, 1999, appellant was indicted by the Lorain County Grand Jury in case number 99CR054394 for one count of theft, a violation of R.C. 2913.02(A)(1), and one count of forgery, a violation of R.C. 2913.31(A)(2). After initially pleading guilty, on January 6, 2000, appellant entered a guilty plea. The trial court accepted appellant's guilty plea.
 {¶ 3} On March 14, 2000, appellant was indicted by the Lorain County Grand Jury in case number 00CR055219 for one count of trafficking in cocaine, a violation of R.C. 2925.03(A). After an initial plea of not guilty, on May 19, 2000, appellant entered a plea of guilty. The trial court accepted appellant's guilty plea.
 {¶ 4} On May 19, 2000, the trial court sentenced appellant to three years of community control in cases 99CR054394 and 00CR055219. Appellant was also ordered to enter and successfully complete the Lorain/Medina community based correctional facility ("CBCF") program. The trial court noted that failure to abide by any of the guidelines might result in the termination of community control and imposition of the original sentence.
 {¶ 5} On February 27, 2002, appellant was found in violation of community control sanctions and sentenced to 45 days at the Lorain County Correctional Facility ("LCC"). On July 19, 2002, appellant was again found to have violated community control sanctions and sentenced to a prison term of one year in case 00CR055219 and one year on each of the counts in case number 99CR054934. The sentences on the two counts in case number 99CR054934 were to run concurrent and that sentence was to run consecutive to the one year imposed in case number 00CR055219. Appellant's sentence was to be two years imprisonment in LCC, minus credit for time served. The journal entry journalized on July 19, 2002, however, contained a clerical error. Therefore, on July 24, 2002, the trial court amended the July 19, 2002 entry to reflect the actual sentence imposed by the trial court during the sentencing hearing on July 19, 2002.
 {¶ 6} Appellant timely appealed to this Court, raising two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in re-sentencing the appellant after his proper, valid and legal sentence had been imposed."
 SECOND ASSIGNMENT OF ERROR
"The Trial Court erred in amending the appellant's sentence when appellant was not present."
 {¶ 7} In his two assignments of error, appellant argues that the trial court's July 30, 2002 entry which amended its entry dated July 19, 2002, essentially resentenced him outside of his presence. This Court disagrees.
 {¶ 8} An appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156; see, also, App.R. 9(B). In addition, Loc.R. 5(A) states that "[i]t is the duty of the appellant to arrange for the timely transmission of the record, * * * and to ensure that the appellate court file actually contains all parts of the record that is necessary to the appeal." "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384; App.R. 9(B)." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11.
 {¶ 9} In the present case, the validity of appellant's entire argument hinges on what was said at his sentencing hearing on July 19, 2003. The docketing statement indicates that the record on appeal was to consist of "a full or partial transcript of proceedings, either in written or videotape form." However, the record does not contain a transcript of the July 19, 2003 sentencing hearing. The record on appeal consists of the docket and journal entries from the trial court. This Court finds that the docket and journal entries, without any transcript or App.R. 9(C) statement of the relevant trial court proceedings, are insufficient to satisfy the appellant's burden of establishing error. This Court has held:
"A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm.'" Sugalski at ¶ 15, quoting Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 10} Appellant failed to provide the relevant portions of the record, in the form of either a transcript or App.R. 9(C) statement, necessary for review of his assignments of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., Buckingham, Doolittle Burroughs v. Brady
(Feb. 1, 1995), 9th Dist. No. 16835; Kaser v. Kaser (Oct. 7, 1992), 9th Dist. No. 2110.
 III. {¶ 11} Accordingly, appellant's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. and Whitmore, J., concur.