DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, David Hutton, appeals from the judgment of the Summit County Municipal Court finding him guilty of Domestic Violence. We affirm.
 {¶ 2} Defendant was charged with one count of Domestic Violence, under R.C. 2919.25(A) and one count of Domestic Violence Menacing, under R.C.2919.25(C), on May 9, 2004. He entered pleas of not guilty to both counts at his arraignment in Akron Municipal Court on May 10, 2004. A bench trial commenced on August 18, 2004. The trial court, in a journal entry dated October 26, 2004, found Defendant guilty of Domestic Violence, a misdemeanor of the first degree under R.C. 2919.25(A), and not guilty of Domestic Violence Menacing, under R.C. 2919.25(C).
 {¶ 3} During the trial, the State presented testimony from the two officers who arrived at the scene of the domestic violence incident. Defendant's wife, Candy Hutton (Mrs. Hutton), was in the hospital at the time of trial, and was unable to testify. Over objection, the trial court permitted one of the officers to repeat what Mrs. Hutton had said when the police officers arrived at their residence. The trial court found that the statements made by Mrs. Hutton were admissible as excited utterances under Evid.R. 803(2).
 {¶ 4} On December 2, 2004, Defendant was sentenced to 180 days in the Summit County Jail and ordered to pay fines of $100.00. He timely appealed to this Court and asserted three assignments of error for our review. For ease of discussion, we will address the assignments of error out of order.
 ASSIGNMENT OF ERROR II
"The trial court erred when it determined that the testimony of police officers was admissible under the excited utterance exception to the hearsay rule."
 {¶ 5} In his second assignment of error, Defendant challenges the admission of the testimony of Officers Rea and Didyk regarding the statements his wife made to them on May 9, 2004. The trial court found that the testimony regarding the statements made by Mrs. Hutton was admissible under the excited utterance exception stated in Evid.R. 803(2). Defendant argues that the statements his wife made to Officer Didyk were a result of reflective thought and were not spontaneous reactions to the incident in question, therefore excluding the statements from being excited utterances.
 {¶ 6} Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Evid.R. 801(C) and 802. However, Evid.R. 803 provides numerous exceptions to the hearsay rule. Evid.R. 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Such a statement is admissible despite its hearsay nature if the following four conditions are satisfied:
"(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
"(b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
"(c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and
"(d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration." (Emphasis omitted.)State v. Wallace (1988), 37 Ohio St.3d 87, 89, quoting Potter v. Baker
(1955), 162 Ohio St. 488, paragraph two of the syllabus.
 {¶ 7} The determination of whether a hearsay declaration should be admitted as an excited utterance is a matter within the trial court's sound discretion. Roach v. Roach (1992), 79 Ohio App.3d 194, 205. This Court reviews a trial court's decision regarding the admissibility of evidence under Evid.R. 803(2) for an abuse of discretion. State v.Elkins (Sept. 27, 2000), 9th Dist. No. 19684, at 11. Abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." (Citations omitted.) Stateex rel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 590-91.
 {¶ 8} At issue in the present case is the second requirement set forth in Wallace that the statement must be made while the declarant is still under the stress of the startling occurrence. In discussing the excited utterance exception, the Supreme Court of Ohio stated:
"There is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought.
"Therefore the passage of time between the statement and the event is relevant but not dispositive of the question. `[E]ach case must be decided on its own circumstances, since it is patently futile to attempt to formulate an inelastic rule delimiting the time limits within which an oral utterance must be made in order that it be termed a spontaneous exclamation.'" (Citations omitted.) State v. Taylor (1993),66 Ohio St. 3d 295, 303. Admitting a declaration as an excited utterance is not prohibited by questioning which: "(1) is neither coercive nor leading, (2) facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties." Wallace, 37 Ohio St.3d at 93.
 {¶ 9} Akron Police officers Jamie Rea and Patrick Didyk arrived at Defendant's residence at 1219 Nestor Avenue shortly before 11:00 p.m. to investigate a call claiming there was a domestic disturbance. Upon entering the home, the officers found Defendant in his kitchen, where he appeared to be sweaty and out of breath. Defendant told Officer Rea that he and his wife, Candy Hutton, had been arguing over some bills. Defendant told Officer Rea that his wife had "jumped on him" as he was trying to leave the house with their three-year-old daughter, and that, in response, he had "backhanded" her. Officer Rea testified that it took a few minutes for Defendant to calm down enough for Defendant to talk to him.
 {¶ 10} Officer Didyk went to find Mrs. Hutton, where he located her downstairs in a locked bathroom with their three-year-old daughter. Officer Didyk testified that Mrs. Hutton was "crying hysterically" and that it took him approximately five minutes of talking to her for her to open the door. When she emerged from the bathroom, she was still crying, according to Officer Didyk's testimony, and stated that Defendant had "[thrown] her to the ground, [and] punched her in the rib and face area" following an argument they were having regarding bills. Office Didyk testified that he observed Mrs. Hutton had a one-inch gash above her right eye, which was bleeding at the time she came out of the bathroom.
 {¶ 11} During the trial, the trial court responded to Defendant's objection regarding the admission of the officer's testimony by stating, "I believe the heat of the moment as it were would fit the excited utterance definition made while the declarant was under the stress or excitement caused by the event or condition."
 {¶ 12} We agree with the trial court, and hold it did not err when it admitted Mrs. Hutton's statements to Officer Didyk as excited utterances, therefore permitting the officer to testify as to what Mrs. Hutton had said at the scene. Mrs. Hutton's demeanor fit within the definition of excited utterance, as it was apparent that she was injured, bleeding and emotionally distraught at the scene. This Court does not believe her statements to Officer Didyk were the product of reflective thought. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The trial court erred when it allowed the testimony of police officers regarding a testimonial statement made by an unavailable declarant whose statement had not been subjected to cross-examination and was therefore in violation of the Confrontation Clause."
 {¶ 13} In his first assignment of error, Defendant argues that the trial court erred when it permitted the testimony of two officers who investigated the domestic violence incident at Defendant's residence on the night of May 9, 2004. Specifically, Defendant believes that the statements made by his wife, Candy Hutton, were testimonial in nature. Mrs. Hutton did not testify at Defendant's trial because she was hospitalized at the time. Therefore, when the trial court allowed one of the officers to repeat what Mrs. Hutton had said, Defendant asserts such testimony violated his Sixth Amendment rights to confront his accuser, under Crawford v. Washington (2004), 541 U.S. 36, 158 L.Ed.2d 177. We disagree.
 {¶ 14} The Sixth Amendment to the United States Constitution provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" In Crawford, the United States Supreme Court explained that this, the Confrontation Clause, encompasses the concept of "testimonial" statements as determinative of who are "witnesses" for the purpose of such confrontation on questions of hearsay:
"Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law — as does [Ohio v. Roberts (1980), 448 U.S. 56,65 L.Ed.2d 597], and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." (Emphasis added.) Crawford, 541 U.S. at 68.
 {¶ 15} Thus, the threshold determination becomes whether the hearsay statements in question are classified as testimonial. Distinguishing theCrawford decision, the court in Fowler v. Indiana (2004), 809 N.E.2d 960, held that nontestimonial out of court statements could be admitted without the defendant having an opportunity to cross-examine the witness if the statements fall within a hearsay exception, such as an excited utterance. Id. at 964-965. In Fowler, the police at a domestic violence scene questioned the victim, who then refused to testify at trial. The court admitted the victim's statement through the officer who spoke to her at the scene. The Fowler court concluded that the victim's statement at the scene was an excited utterance, and therefore an exception to the hearsay rule. The court also considered Crawford and held that the statement at the scene was nontestimonial in nature, and did not fall within the Crawford framework of a testimonial statement.
 {¶ 16} Defendant has argued that because Mrs. Hutton did not testify, his right to confront his accuser under the Constitution of the United States was violated. However, this Court has previously held that the admission of evidence under the excited utterance exception to the hearsay rule does not violate the Confrontation Clause of the Sixth
Amendment to the United States Constitution. State v. Clifford, 9th Dist. No. 20871, 2002-Ohio-4531, at ¶ 58, citing White v. Illinois
(1992), 502 U.S. 346, 357, 116 L.Ed.2d 848; Idaho v. Wright (1990),497 U.S. 805, 820, 111 L.Ed.2d 638. Other Ohio courts have also ruled on the issue of admitting testimony under the excited utterance exception when a Confrontation Clause argument is simultaneously raised:
"In a criminal trial, the admission against the defendant of excited utterances * * * does not violate Ohio's Confrontation Clause. Nor does admission of such statements violate the Sixth Amendment Confrontation Clause, even after the decision in [Crawford v. Washington]." State v.Williams, 2nd Dist. No. 20368, 2005-Ohio2-13, at ¶ 9.
"[T]he Supreme Court of the United States in Ohio v. Roberts (1980), 448 U.S.56, 65 L.Ed.2d 597, determined that since the Confrontation Clause and the hearsay rules are designed to protect similar values, the former is not violated by the admission of hearsay statements made by a third party, who does not testify at trial, if such statements fall within a firmly rooted hearsay exception because the statements bear the requisite `indicia of reliability.'
"[O]ur court determined that permitting an officer to relate at trial statements made by a third party, who did not testify at trial, relevant to an admission made by the defendant, did not violate the defendant's right to confront the witness against him.
"Here, the statements [the third party] made to [the officers] constitute excited utterances * * * and therefore fall within a firmly rooted exception to the hearsay rule. As a result, the trial court did not violate the Confrontation Clause by allowing the officers to testify to [the third party's] statement." City of Lakewood v. Reese (Mar. 20, 1997), 8th Dist. No. 70193, at 4-5. (Internal citations omitted.)
 {¶ 17} We overruled Defendant's second assignment of error that the trial court did not err when it determined Mrs. Hutton's statements fell within the hearsay exception of excited utterances. Consequently, we find that Defendant's Sixth Amendment right to confront his accuser was not violated. Defendant's first assignment of error is overruled
 ASSIGNMENT OF ERROR III
"The trial court erred in sentencing [Defendant] to the maximum jail term permitted by statute where the court did not make the requisite findings to sentence [Defendant] to maximum term and the record does not support the sentence."
 {¶ 18} In his third assignment of error, Defendant asserts that the trial court erred when it imposed the maximum jail term for the misdemeanor offense. Specifically, Defendant argues that the trial court did not consider the factors outlined in R.C. 2929.22, and he believes there was no indication in the record or the court's journal entry that a maximum sentence should be imposed. We disagree.
 {¶ 19} In sentencing an offender for a misdemeanor offense, R.C.2929.22(B)(1) provides factors for the trial court to consider, including: the nature and circumstances of the offense or offenses, the offender's history of criminal activity and likelihood of committing another offense, the risk of the danger to others, if the offender's conduct "has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences[,]" and the likelihood of offender committing future crimes. R.C.2929.22(B)(1)(c).
 {¶ 20} In addition, R.C. 2929.22(B)(2) states that the trial court may consider any other relevant factors. R.C. 2929.22(C) requires the trial court to "consider the appropriateness of imposing a community control sanction" and states that a court may only impose the longest jail term authorized under R.C. 2929.24 when the offender has committed "the worst forms of the offense" or upon individuals "whose conduct and response to prior sanctions * * * demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."
 {¶ 21} An appellate court reviews a sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929.State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13. "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"Harrold, at ¶ 13, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 22} In the instant case, a presentence investigation report was ordered and completed by the Akron Municipal Court Probation Department. As such, there is a presumption that the trial court utilized it in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, at 5, citing State v. Koons (1984), 14 Ohio App.3d 289, 291. As Defendant failed to include the presentence report in the record, this Court cannot properly review the trial court's decision. This Court has no choice but to presume the validity of the trial court's sentencing proceeding. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at 5. Additionally, a defendant has the duty to provide a reviewing court with the portions of the record necessary to support his assignments of error. State v. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). When a defendant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court. Johnson at ¶ 9.
 {¶ 23} The docketing statement in this case indicates that the record on appeal would include a full or partial transcript of the proceedings. However, the record on appeal does not contain a transcript of the sentencing hearing, nor does it contain an App.R. 9(C) statement. SeeJohnson at ¶ 10. As Defendant has failed to provide this Court with the relevant portions of the record to review the trial court's imposition of the sentence, we must presume the regularity of the trial court proceedings and affirm the sentence. Id.
 {¶ 24} The journal entry regarding Defendant's sentence, submitted on December 2, 2004, by the Akron Municipal Court, notes that Defendant had a "previous situation where he was involved in Domestic Violence, which were amended to DOC [disorderly conduct]." As Defendant has failed to show that the trial court did not consider the presentencing investigation report when determining his sentence, and Defendant has additionally failed to show by clear and convincing evidence that his sentence is unsupported by the record, we overrule Defendant's third assignment of error.
 {¶ 25} Defendant's assignments of error are overruled, and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Batchelder, J. Concur.