DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ron Rupert, appeals his convictions out of the Oberlin Municipal Court. This Court affirms.
 I. {¶ 2} Appellant was charged on July 14, 2004, with one count of aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree, and one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. A bench trial was held on December 22, 2004. The trial court found appellant guilty of both counts and sentenced appellant accordingly. Appellant timely appeals, setting forth two assignments of error for review. This Court considers the assignments of error together to facilitate review.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY PERMITTING TESTIMONY OF PRIOR THREATS OF RUPERT BECAUSE THESE ALLEGED `OTHER THREATS' FELL OUTSIDE THE LIMITED ADMISSIBLE EXCEPTIONS OF `OTHER ACTS OF THE DEFENDANT' UNDER [R.C.] 2945.59 AND EVID.R. 404(B)."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN CONVICTING RUPERT BECAUSE A FINDING OF GUILT BEYOND A REASONABLE DOUBT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} Appellant argues that the trial court erred by improperly admitting "other acts" evidence at trial and because his convictions were against the manifest weight of the evidence. These arguments are without merit.
 {¶ 4} During the course of this appeal, appellant moved this Court to supplement the record with a transcript of the trial proceedings. On December 1, 2005, this Court granted appellant's motion and ordered appellant to cause the official court reporter to certify and transmit the transcript of proceedings to the clerk of the appellate court to be included in the record on appeal within 30 days. This Court further granted appellant 20 days after the filing of the transcript in which to file his brief. Appellant filed his brief on December 6, 2005. There is no record of the transcript having been filed. Accordingly, the transcript of the trial is not before this Court for review.
 {¶ 5} Appellant has the duty to provide this reviewing Court with the portions of the record necessary to support his assignments of error. State v. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). Here, appellant failed to provide the transcript from the trial. Accordingly, this Court cannot properly review the trial court's decision. "When a defendant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court[,]" and affirm. Akron v. Hutton,
9th Dist. No. 22425, 2005-Ohio-3300, at ¶ 22, citing Johnson at ¶ 9. Because appellant has failed to provide a transcript of the trial for review, this Court must presume the regularity of the trial court's proceedings and affirm. Appellant's first and second assignments of error are overruled.
 III. {¶ 6} Appellant's assignments of error are overruled. Appellant's convictions out of the Oberlin Municipal Court are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. concur.