DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Ken Kohut, appeals the decision of the Oberlin Municipal Court which found him guilty of speeding. This Court affirms.
 I. {¶ 2} Appellant was cited for speeding, a violation of Wellington Codified Ordinance 333.03. Prior to trial, appellant filed a motion to dismiss the citation. The trial court denied appellant's motion to dismiss and the matter proceeded to a trial before the bench. At the close of the trial, the trial court found appellant guilty of speeding. *Page 2 
 {¶ 3} Appellant timely appealed his conviction, setting forth four assignments of error. Assignments of error two, three, and four have been combined to facilitate review. II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CITATION IN MAKING THE DETERMINATION THE AREA [sic] THE ALLEGED VIOLATION OCCURRED MEETS THE STATUTORY REQUIREMENTS OF A `BUSINESS DISTRICT' AS DEFINED AND USED IN [R.C.] 4511.21"
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred in denying his motion to dismiss because the area in which the alleged violation occurred meets the statutory requirements of a "business district" as defined and used in R.C. 4511.21. This Court finds no error in the trial court's denial of appellant's motion.
 {¶ 5} In Lorain v. Slattery (Sept. 22, 1999), 9th Dist. No. 98CA007140, this Court held that the trial court cannot go beyond the face of the indictment when ruling on a motion to dismiss.
 "When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment.
 "The Ohio Rules of Criminal Procedure, however, do not allow for `summary judgment' on an indictment prior to trial. State v. McNamee
(1984), 17 Ohio App.3d 175; Akron v. Davis (July 31, 1991), 9th Dist. No. 14989. Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. *Page 3 
Crim.R. 29(A). As a general rule, `premature declarations,' such as that presented [in a pre-trial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14. State v. Varner (1991), 81 Ohio App.3d 85, 86." Slattery.
In the present matter, appellant asked the trial court to consider the issue of whether the Village of Wellington properly placed a 35 MPH sign at the Village limits on State Route 58 southbound in order to determine the validity of appellant's motion to dismiss. Hence, the trial court was required to go beyond the face of the citation in ruling upon appellant's motion to dismiss. There is no provision in the Ohio Rules of Criminal Procedure for a motion to dismiss which goes beyond the face of the citation and considering such a motion was an improper exercise of judicial authority. Moreover, "`[w]ere we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases.'"Slattery, quoting Varner, 81 Ohio App. 3d at 86. Therefore, this Court concludes that while the trial court should not have entertained the motion, there was no error because it was properly denied. Accordingly, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT IMPROPERLY TOOK JUDICIAL NOTICE IN THIS CASE OF THE PYTHON II MOVING RADAR DEVICE BASED UPON OHIO V. DAVIS WHILE SIMULTANEOUSLY ENJOINING THE JUDICIAL NOTICE TO THE OPERATION OF THE DEVICE." *Page 4 
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY ADMITTING THE OFFICER'S CERTIFICATE OF CERTIFICATION INTO EVIDENCE AS IT WENT BEYOND THE SCOPE OF ANY STANDARD TRAINING CERTIFICATE."
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY FINDING DEFENDANT GUILTY ABSENT PROOF BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS OPERATING A VEHICLE IN EXCESS OF THE STATUTORY SPEED LIMIT[.]"
 {¶ 6} In his second, third, and fourth assignments of error, appellant asserts that the trial court made errors during his trial and ultimately erred in finding him guilty of speeding.
 {¶ 7} Appellant has the duty to provide this reviewing Court with the portions of the record necessary to support his assignments of error.State v. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). There is no record of the transcript of appellant's trial having been filed. Accordingly, the transcript of the trial is not before this Court for review. Therefore, this Court cannot properly review the trial court's decision. "When a defendant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court[,]" and affirm.Akron v. Hutton, 9th Dist. No. 22425, 2005-Ohio-3300, at ¶ 22, citingJohnson at ¶ 9. Because appellant has failed to provide a transcript of the trial for review, this Court must presume *Page 5 
the regularity of the trial court's proceedings and affirm. Appellant's second, third, and fourth assignments of error are overruled.
 III. {¶ 8} Appellant's assignments of error are overruled. Appellant's conviction out of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 6 
Costs taxed to appellant.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1