DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brian Woods, appeals the decision of the Cuyahoga Falls Municipal Court, which denied his objections to the magistrate's decision and found him guilty of speeding. This Court affirms.
 I. {¶ 2} Appellant was cited for speeding in a construction zone. At his arraignment on April 10, 2006, appellant verbally asked that the case be dismissed for lack of jurisdiction. The trial court denied appellant's request and entered a plea of not guilty on his behalf. The case proceeded to a hearing before the *Page 2 
magistrate after which the magistrate issued a report recommending that appellant be found guilty and the maximum fine be imposed upon appellant. Appellant timely filed objections to the magistrate's decision, along with a sworn affidavit. The trial court held a hearing on appellant's objections on June 20, 2006. The trial court overruled appellant's objections and found him guilty of speeding, a violation of R.C. 4511.21.
 {¶ 3} Appellant timely appealed his conviction, setting forth nine assignments of error for review. This Court has rearranged the assignments of error in order to facilitate review.
 II. ASSIGNMENT OF ERROR IX "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT SETTLING AND APPROVING A STATEMENT OF THE TRIAL RECORD AS REQUIRED BY APP.R. 9(C)[.]"
 {¶ 4} In his ninth assignment of error, appellant argues that App.R. 9(C) requires the trial court to settle and approve a statement of the proceedings and transmit it to this Court as part of the record.
 {¶ 5} As a preliminary matter, this Court must address the sufficiency of the record provided to this Court by the appellant. Appellant alleges that there was no record made of the proceedings before the magistrate, the trial, or at the hearing on appellant's objections to the magistrate's decision. Assuming that *Page 3 
appellant's allegations are true, Loc.R. 5(A)(2) of the Ninth Appellate Judicial District provides:
 "If the trial court does not have an official court reporter, regardless of the means by which the proceedings were recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court."
 {¶ 6} Because there was no record of the trial court proceedings, appellant was required to utilize App.R. 9(C) or 9(D) in order to have the contents of the trial court proceedings included in the record on appeal.
 {¶ 7} In that regard, appellant supplied the trial court with an App.R. 9(C) statement. The trial court, however, took no action on appellant's App.R. 9(C) statement. Nonetheless, it is appellant's burden to provide the record on appeal and to use any legal means available, including a writ of mandamus, in order to complete the record for his appeal. State v. Burt, 9th Dist. No. 20960, 2003-Ohio-4265, at ¶ 10; see, also, Chrin v. Thudium, (Sept. 1, 1999), 9th Dist. No. 19041. Appellant has not filed a petition for a writ of mandamus to compel the trial court to settle or approve his App.R. 9(C) statement and has not otherwise challenged the trial court's failure to do so other than assigning it as error in his appeal. "An appellate court cannot resolve disputes about the trial court's record in the course of an appeal."State v. Cheatwood, (Dec. 5, 1990), 9th Dist. No. 14676, citingAssociated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112, 114. See, also, *Page 4 Smith v. Smith, (Dec. 21, 1988), 9th Dist. No. 1637. Therefore, appellant's ninth assignment of error is not properly before this Court and is overruled.
 ASSIGNMENTS OF ERROR I-VIII {¶ 8} In order to address appellant's first eight assignments of error, this Court would need either the transcript of the objections hearing, a statement of the evidence or proceedings or an agreed statement of the case. Because appellant has failed to obtain a settlement or approval of his App.R. 9(C) statement, it is not properly a part of the record on appeal and cannot be considered by this Court.
 {¶ 9} An appellant has the duty to provide a reviewing court with the portions of the record necessary to support his assignments of error.State v. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm. Johnson at ¶ 9.
 {¶ 10} The docketing statement in this case indicates that the record on appeal would include a statement of the evidence or proceedings pursuant to App.R. 9(C) or an agreed statement of the case pursuant to App.R. 9(D). However, the record on appeal does not contain an App.R. 9(C) statement nor does it contain an App.R. 9(D) statement. SeeJohnson at ¶ 10. As appellant has failed to provide this Court with the relevant portions of the record to review the trial court's denial of his objections and imposition of the conviction and sentence, *Page 5 
we must presume the regularity of the trial court proceedings and affirm the conviction and sentence. Id. Consequently, appellant's first eight assignments of error are overruled.
 III. {¶ 11} Appellant's assignments of error are overruled. The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 6 
Costs taxed to appellant.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1