[Cite as *N. Olmsted v. Keller*, 2013-Ohio-1996.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99273

# CITY OF NORTH OLMSTED

## PLAINTIFF-APPELLEE

vs.

# THEODORE J. KELLER

## DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Rocky River Municipal Court
Case No. 12 TRD 18840

**BEFORE:** Kilbane, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**APPELLANT**

Theodore Keller, pro se
6751 Cypress Drive
North Olmsted, Ohio 44070

**ATTORNEY FOR APPELLEE**

Michael Gordillo
City Prosecutor
Stephanie E. Landgraf
Legal Intern
City of North Olmsted
5200 Dover Center Road
North Olmsted, Ohio 44070

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Theodore Keller, pro se, appeals from a citation for speeding, a violation of North Olmsted Ordinances 333.03. For the reasons set forth below, we affirm.

{¶2} On October 24, 2012, defendant was cited for traveling at 51 m.p.h. in a 35 m.p.h. zone on Stearns Road. On November 6, 2012, defendant was arraigned, and trial was set for November 8, 2012. On that date, defendant appeared in court pro se and asked for a continuance of the trial. The court granted the motion and continued the trial until November 29, 2012.

{¶3} Also on November 8, 2012, defendant served a discovery request upon the prosecuting attorney. Defendant requested, inter alia, copies of "approvals" and surveys authorizing the city "to amend and lower speed limit" of Stearns Road to 35 m.p.h., and documents pertaining to "ODOT approval to use a 24" x 30" sign instead of a mandated 30" x 36" sign under the OMUTCD [Ohio Manual of Uniform Traffic Control Devices]." The prosecuting attorney provided discovery on November 16, 2012.

{¶4} The matter proceeded to trial on November 29, 2012. On that date, defendant filed a motion to dismiss the citation, contending that the city had improperly lowered the speed limit on Stearns Road and the speed limit sign was smaller than

required under the OMUTCD. The trial court subsequently found defendant guilty of speeding in an order that provided in relevant part as follows:

> Defendant's Motion to Dismiss * * * is overruled as not timely filed and not properly served. Defendant's argument alleges that discovery was not provided as to the size of the sign in question. Court reviewed discovery issue including the fact that his discovery request relating to the size of the sign was not granted at a hearing on 11/08/12. There is uncontroverted evidence that defendant was speeding. Defendant found guilty of speeding. $50 fine and court costs. Execution of sentence stayed pending appeal.

{¶5} Defendant now appeals and raises three issues for our review. Defendant complains that he was denied discovery in this matter, that the area where he received his citation should be designated 45 m.p.h. and not 35 m.p.h., that the speed limit sign is not the correct size and was obstructed by other signs, and therefore, the posted speed limit is unenforceable pursuant to *Oakwood Village v. Blum*, 8th Dist. No. 97081, 2012-Ohio-814.

{¶6} An appellant bears the burden of demonstrating error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *State v. Johnson*, 9th Dist. No. 02CA008193, 2003-Ohio-6814, ¶ 8. If there is no verbatim transcript pursuant to App.R. 9(B), the appellant is required to utilize App.R. 9(C) or 9(D) in order to have the contents of the trial court proceedings included in the record on appeal. *State v. Woods*, 9th Dist. No. 23414, 2007-Ohio-1423. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the sufficiency of the evidence to support the

trial court's decision. *Bohrer v. Bakers Square Restaurant*, 8th Dist. No. 88143, 2007-Ohio-2223, ¶ 5.

**{¶7}** In this matter, following the trial, the lower court determined that "[t]here is uncontroverted evidence that defendant was speeding." On appeal, defendant has not provided us with a transcript of the trial proceedings pursuant to App.R. 9(B), and he has not provided us with an App.R. 9(C) statement or an App.R. 9(D) agreed statement of the case. Consequently, we must presume regularity, and we are unable to conclude that the trial court committed reversible error in this matter.

**{¶8}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR