[Cite as *State v. Jones*, 2017-Ohio-943.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NOS. 15 MA 0086 |
| | ) | 15 MA 0087 |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIE JONES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:            Criminal Appeals from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case Nos. 10CRB02474;
10TRD03709

JUDGMENT:                                             Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                           Atty. Dana Lantz
Youngstown City Prosecutor
Atty. Kathleen Thompson
Assistant Prosecuting Attorney
26 S. Phelps Street
Youngstown, Ohio  44503
No Brief Filed

For Defendant-Appellant:                      Atty. John A. Ams
134 Westchester Drive
Youngstown, Ohio  44515

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  March 15, 2017

WAITE, J.

{¶1} Appellant Willie Jones was originally convicted in two separate matters in late 2010 and was sentenced solely to a period of probation for both by means of a joint hearing in early 2011. Between 2011 and 2015, Appellant committed several more criminal acts resulting in additional convictions and several probation violations. Appellant now appeals two judgment entries from the Youngstown Municipal Court, both filed May 8, 2015. In both, Appellant was separately sentenced to 180 days in jail to be served consecutively to any other case. Both of these sentences were the result of three separate criminal acts which also caused a third probation violation conviction. Appellant argues that because the trial court did not state that his original 2011 sentence on the underlying convictions was to be served consecutively to any other case, the court's imposition of consecutive sentences for his later probation violation is erroneous. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} The record does not provide many details regarding either case before us on appeal and Appellant's history is convoluted. We can glean that on December 10, 2010 in case number 10TRD03709, Appellant was charged with: speeding, driving with a suspended license, and failure to comply. As the result of a Crim.R. 11 plea agreement, Appellant pleaded guilty to failure to comply and the remaining charges were dismissed.

{¶3} In case number 10CRB02474, on December 13, 2010, Appellant was charged with: one count of possession of drug paraphernalia, a misdemeanor of the

first degree in violation of Y.C.O. 513.12(c)(1); one count of possession of drug instruments, a misdemeanor of the first degree in violation of Y.C.O. 513.04(a); and one count of possession of marijuana, a misdemeanor of the first degree in violation of Y.C.O. 513.03. As the result of a Crim.R. 11 plea agreement, Appellant pleaded guilty to possession of marijuana and a reduced possession of drug paraphernalia charge. The remaining charge was dismissed. On February 3, 2011, Appellant was sentenced to five years of probation in both matters and his driver's license was suspended for three years. It appears that Appellant received a combined sentencing hearing dealing with both cases and a combined sentence, but was issued separate judgment entries in each case.

{¶4} On January 3, 2012, notification of a possible probation violation was filed. The violations included: failure to report to probation on two occasions, failure to complete community service, failure to comply with drug and alcohol treatment, failure to pay financial sanctions, and an arrest for assault on November 25, 2011. It appears that Appellant was placed on house arrest in connection with these charges. Before the trial court's scheduled hearing, a second notification of possible probation violation was filed because Appellant failed to comply with house arrest.

{¶5} Appellant was found guilty of the criminal charge. On March 20, 2013, Appellant was sentenced to a thirty-day jail term for the first violation. Notably, this sentence was ordered to run consecutively to any other sentence. Appellant served his 30-day jail sentence and no appeal was taken of this matter.

{¶6} Appellant was also found guilty of his second probation violation, and on May 20, 2013 Appellant was sentenced to a 180 day term of incarceration which was then suspended. We note that this sentence was also ordered to run consecutively to any other sentence.

{¶7} On November 7, 2014, a third notice of possible probation violation was filed, alleging the following: failure to report to probation on two occasions, failure to complete community service, failure to comply with alcohol and drug treatment, failure to pay financial sanctions, and an active "FTA capias" out of Liberty Twp. Appellant stipulated to all violations. On May 8, 2015, the trial court sentenced Appellant to 180 days in jail for his original charges of possession of marijuana/drug abuse and 30 days in jail for drug paraphernalia. The court ordered these sentences to run concurrently, but consecutively to any other sentence. Appellant was sentenced to an additional 180 days for failure to comply. This sentence was also ordered to be served consecutively with any other sentence. It is from these judgment entries that Appellant timely appeals.

{¶8} It is noted that Appellant filed a motion for sentence modification and a motion seeking stay pending appeal. The trial court denied the former motion and granted the latter. It is further noted that the state declined to file a response brief in this matter.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING CONSECUTIVE SENTENCES AFTER REVOKING PROBATION

BECAUSE THE SENTENCES WERE NOT ORIGINALLY IMPOSED CONSECUTIVELY.

**{¶9}** Pursuant to R.C. 2929.41(B)(1):

A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

**{¶10}** Appellant asserts that the trial court's February 3, 2011 sentence for the underlying charges in case number 10TRD03709, which imposed probation, did not order that his sentence run consecutively to any other sentence. Likewise the trial court's February 3, 2011 sentence of probation for his charges in case number 10CRB02474 was not ordered as a consecutive sentence. As such, Appellant argues that the trial court's May 8, 2015 imposition of consecutive sentences modified the original combined sentence. Because the original orders were final, Appellant argues that the trial court had no jurisdiction to modify them by now ordering a consecutive sentence.

{¶11} Because Appellant was not originally given a definite jail term, but was, instead, sentenced to probation, we must first determine whether sentencing was appropriate, here. Pursuant to R.C. 2929.25(A)(3):

At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) or (B) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:

(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

{¶12} Here, following his third probation violation, the trial court chose to impose sentence on Appellant for the underlying convictions pursuant to R.C. 2929.25(A)(3)(c). As such, the court was required to impose a definite jail term from

the range of jail terms authorized for the offenses. As noted by the trial court's sentencing entries, the offenses relevant to this appeal include drug abuse and drug paraphernalia (case number 10CRB02474) and failure to comply (case number 10TRD03709). Pursuant to R.C. 2929.24(A)(1), the statutory range for possession of drug paraphernalia and failure to comply, both misdemeanors of the first degree, is 180 days or less. According to R.C. 2929.24(A)(4), the statutory range for drug abuse, a misdemeanor of the fourth degree, is 30 days or less.

{¶13} In the trial court's May 8, 2015 judgment entry for case number 2010TRD03709, Appellant was sentenced to a 180-day jail term for the probation violation arising from his failure to comply conviction. The trial court's other May 8, 2015 judgment entry addressed Appellant's sentence for the probation violation arising from case number 10CRB02474. In that case, because he violated his probation Appellant was sentenced to a 180-day jail term on the underlying drug abuse conviction and a 30-day jail term on the underlying drug paraphernalia conviction. The trial court ordered the sentences arising from the drug abuse and drug paraphernalia convictions to run concurrently, but consecutive to the failure to comply sentence. Each sentence was entered as the result of a probation violation and is within the appropriate statutory sentence range. We note that the transcripts of the original sentencing hearing were not provided to this Court, so the record does not clearly reflect whether Appellant received notice that a jail term would be imposed if he violated his probation. However, "[w]hen a defendant fails to provide a complete and proper transcript, a reviewing court will presume regularity of the proceedings in

the trial court[.]" *State v. Dumas,* 7th Dist. No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *State v. Johnson,* 9th Dist. No. 02CA008193, 2003-Ohio-6814, ¶ 9. This record reflects then, that the trial court complied with R.C. 2929.25. The question remains whether the trial court properly ordered the sentences to run consecutively.

**{¶14}** In support of his argument, Appellant relies on *State v. Fankle,* 2d Dist. Nos. 26350, 26351, 26352, 2015-Ohio-1581. In *Fankle,* the appellant received a 180-day suspended jail sentence and was placed on community control. *Id.* at ¶ 3. Two months later, Fankle was charged with two additional crimes and received two 180-day jail terms, to run concurrently, with 120 days suspended. He was again placed on community control. *Id.* at ¶ 4.

**{¶15}** One month later, Fankle was charged with violating a protection order. The trial court imposed the following sentence: 180-day jail sentence, revocation of community control in the prior cases, and reinstatement of the prior 180-day suspended sentences. *Id.* at ¶ 5. In other words, Fankle was sentenced to a total of three 180-day jail sentences, which the trial court ordered were to run consecutively. Fankle did not contest the trial court's ability to order his sentence from the third case to run consecutive to the sentences arising from his first and second. He argued that the trial court lacked authority to run the sentences stemming from the first two cases consecutive to one another, because the trial court had not included language regarding consecutive sentences in these judgment entries. *Id.* at ¶ 6.

**{¶16}** On appeal, the Fifth District agreed. While acknowledging that the trial court could not have included consecutive sentencing language in the first judgment

entry, as it was the sole sentence at the time, the Court focused on the fact that the second sentencing entry did not include consecutive sentencing language despite the existence of the first conviction. As the trial court had the ability to include such language but failed to expressly do so, the Court held that the first two sentences involved concurrent jail terms. Further, the trial court's attempt to order that the previously suspended sentences were to be consecutive only by means of the revocation of community control amounted to a modification of Fankle's sentence, for which the trial court lacked jurisdiction. *Id.* at ¶ 8. The heart of the *Fankle* decision is that the two 180 day suspended terms imposed on Fankle at his first probation violation sentencing were specifically ordered to be served concurrently. There was no consecutive language at all in his first probation violation order. When Fankle again violated probation, the trial court reimposed the 180 day sentences from his original sentencing and his first probation violation, but for the first time ordered that they run consecutively and not concurrently, as the court had originally ordered. Hence, it appears that the court attempted to change his 180 day concurrent sentences from his original sentencing and his first probation violation to consecutive sentences. For this reason, the Second District held that the sentence for Fankle's second probation violation amounted to an improper modification of earlier final court orders.

{¶17} Appellant's case is readily distinguishable from *Fankle.* Here, the trial court imposed five years of basic probation in the original cases – 10CRB02474 and 10TRD03709. Although the existence of two convictions may have authorized the

trial court to order consecutive sentences, the court did not do so and sentenced instead to a combined period of five years of probation for all convictions. The validity of the original sentences are not at issue on appeal. The issue, here, is whether the trial court properly ordered Appellant's May 8, 2015 sentences on the underlying convictions which arose due to his third probation violation to run consecutively. Again, we note that Appellant was charged and sentenced three separate times for three separate instances of probation violations. For the first, it is clear that Appellant served his thirty-day sentence for the crime on which the violation was based. This charge was specifically ordered consecutive, but at the time, Appellant was under no other order requiring jail time. The sentence in his first probation violation is also not at issue in this appeal. Appellant's second violation resulted in a 180 day suspended sentence that was specifically ordered to run consecutively.

{¶18} The trial court's May 20, 2013 judgment entry for Appellant's second probation violation stated: "180 days jail – stayed until further order by court. Consecutive to any other sentence." (5/20/13 J.E.)

{¶19} Similarly, the trial court's May 8, 2015 third probation violation judgment entry in case number 10CRB02474 states: "M1 drug abuse 180 days jail consecutive. M4 Drug para 30 days jail concurrent with drug abuse[.] [U]pon release from jail report to probation to do community service for fines, costs, fees – community service hearing held – defendant Indigent – unable to pay." (5/8/15 J.E.) In case number 10TRD03709, the trial court's sentencing entry states: "Fail to

comply M1 180 days jail consecutive[.] [U]pon release from jail report to probation to do community service for fines, costs, fees owed – community service hearing held – defendant found indigent – unable to pay." (5/8/15 J.E.) Unlike *Fankle,* the trial court specifically included consecutive sentencing language in the judgment entries entered in all three of Appellant's probation violations. Unlike *Fankle,* the trial court here was not reinstating earlier jail sentences that were concurrent and attempting to change these sentences, at a later date, into consecutive sentences. The trial court appropriately sentenced Appellant to entirely new sentences and appropriately ordered them to run consecutively. The trial court here had the ability to impose a definite sentence for his earlier convictions pursuant to R.C. 2929.25(A)(3)(c). The court, for the first time, was entering a definite sentence of incarceration. The trial court specifically ordered these definite terms to run consecutively. Because the judge was not merely reimposing an earlier, suspended definite jail sentence, these new sentences in no way modify the earlier probation only sentence and *Fankle* does not apply. The trial court specifically ordered these sentences to run consecutively with one another — 30 days concurrent with 180 days for one, 180 days on the other — but both 180 day terms to run consecutively. As the trial court included consecutive sentencing language and the aggregate total of the sentences is within the 18 month total maximum sentence, the trial court properly imposed these new consecutive sentences. *Id.* at ¶ 3. Again, this matter did not involve reimposition of an earlier final order of a definite jail term sentence. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

**{¶20}** Appellant contends that the trial court improperly imposed consecutive sentences for his second and third probation violations. However, the relevant judgment entries contain the requisite consecutive sentencing language and the aggregate sentence is within 18 months. Accordingly, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.