[Cite as *Oakwood Village v. Blum*, 2012-Ohio-814.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97081

# OAKWOOD VILLAGE

### PLAINTIFF-APPELLEE

vs.

# JAY BLUM

### DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND VACATED

Criminal Appeal from the
Bedford Municipal Court
Case No. 11 TRD 02148

**BEFORE:**    Blackmon, A.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    March 1, 2012

**APPELLANT PRO SE**

Jay Blum
1554 Hopkins Avenue
Lakewood, Ohio 44107


**ATTORNEY FOR APPELLEE**

Stephen Klonowski
Oakwood Village Law Director and Prosecutor
5306 Transportation Blvd.
Garfield Heights, Ohio 44125

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Jay Blum ("Blum") appeals pro se his conviction for speeding and assigns the following four errors for our review.[1]

**I.   The trial court erred in paragraph 3, line 2 of its judgment entry that appellant did not establish that "parking or pedestrian movements" exist in the area of the speed limit sign in question, when testimony and evidence was submitted to the contrary, and invokes, Article IV, Section 3 (B)(2) of the Ohio Constitution.**

**II.   The trial court erred in paragraph 3, line 8 of its ruling by the trial court's classification of Oakwood Village's response to appellant's official records request as hearsay in violation of Ohio Rules of Evidence Rule 903(7), (8), (10), and Federal Rules of Evidence Rule 803 (7), (8), (10).**

**III.   The court erred by asking the parties to submit briefs after testimony and evidence had been submitted, violating the appellant's Sixth Amendment right to a speedy trial.**

**IV.   The court erred by granting the City of Oakwood more time to file their brief, when Oakwood failed to file for an enlargement of time to file, in violation of appellant's U.S. Constitution Sixth Amendment right to a speedy trial.**

**{¶2}** Having reviewed the record and pertinent law, we reverse and vacate Blum's conviction.   The apposite facts follow.

### Facts

**{¶3}** Blum was cited for traveling 41 m.p.h. in a 25 m.p.h. zone on Forbes Road. Blum entered a plea of not guilty; the matter proceeded to a bench trial.

---

[1]No appellee brief was filed.

{¶4} Officer Edward Thyret, Jr. testified that on March 11, 2011, he was operating radar on Forbes Road due to citizens' complaints regarding speeding in the area. At approximately 6:44 p.m., the officer's radar gun showed that Blum was traveling at 41 m.p.h. The posted speed limit in that area of Forbes Road is 25 m.p.h. The officer issued a citation to Blum for speeding.

{¶5} Blum argued at trial that the speed limit was unenforceable for three reasons. First, the sign did not comply with the Ohio Manual of Uniform Traffic Control Devices ("uniform manual"), which required the bottom of posted signs near pedestrian areas to be at least seven feet from the ground. In the instant case, the bottom of the sign was less than six feet from the ground. Second, he argued the uniform manual required signs to be installed on separate posts. Here, the speed limit sign was posted above a sign stating "No trucks after next 1000 feet." Third, he argued there was no basis for the speed limit to be 25 m.p.h. in that area of the road.

{¶6} Officer Thyret testified on rebuttal that the area of the road that Blum was speeding was a residential, two-way street. He noted that a bike and hike path was located on the south side of the road. At the time Blum was stopped for speeding, two women and a toddler on a tricycle were on the path. The officer testified that 41 m.p.h. was not a reasonable speed in this area.

{¶7} At the conclusion of the evidence, the trial court directed the parties to submit briefs about whether the village complied with the uniform manual. After receiving Blum's and the prosecutor's briefs, the trial court in a two-page judgment entry

found Blum guilty of speeding. The trial court ordered Blum to pay a fine of $150 plus court costs. This court granted Blum's motion to stay.

## Height of the Sign

{¶8} In his first assigned error, Blum argues the trial court erred in concluding that there was no evidence presented of pedestrian activity in the area, which would require the bottom of the sign to be at least seven feet from the ground.

{¶9} Section 2A.18 of the uniform manual states: "Signs installed at the side of the road in rural districts shall be at least 1.5 m (5 ft), measured from the bottom of the sign to the near edge of the pavement. *Where parking or pedestrian movements occur, the clearance to the bottom of the sign shall be at least 2.1 m (7 ft).*" (Emphasis added.)

{¶10} Here, the distance from the ground to the bottom of the sign measured less than six feet. The photographs admitted at trial depicting the speed-limit sign show that beside the sign is a paved path. The officer also testified that next to the street was a bike and hike path, and at the time that Blum was stopped, two adults and a child were on the path. The record established that pedestrian traffic existed in the area; consequently, the clearance of the bottom of the sign was required to be seven feet from the ground. Based on this evidence, the trial court erred by concluding that Blum failed to establish that there was pedestrian traffic in the area of the sign.

{¶11} R.C. 4511.09 establishes that the Ohio Department of Transportation shall adopt a manual and specifications for a uniform system of traffic control devices. R.C. 4511.11(D) further establishes that "[a]ll traffic control devices erected on a public road,

street, or alley, shall conform to the state manual and specifications." Additionally, R.C. 4511.12 states in pertinent part: "No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." Traffic control devices must adhere to the uniform manual to be official signs conveying criminal liability. *Lyndhurst v. McGinness*, 138 Ohio App.3d 617, 741 N.E.2d 979 (8th Dist. 2000).

{¶12} When a community's posted sign fails to comply with the uniform manual regarding signage requirements, the posted speed limit on the sign is unenforceable. *See Mentor v. Mills*, 11th Dist. No. 12-269, 1988 WL 76764 (July 22, 1988) (the bottom of the speed limit signs were less than seven feet from the ground; therefore, they were not enforceable); *Maple Hts. v. Smith*, 131 Ohio App.3d 406, 722 N.E.2d 607 (8th Dist. 1999) ( "no left turn" sign did not comply with uniform manual; therefore, the defendant could not be held criminally liable for making left turn); *Cincinnati v. Evers*, 63 Ohio Misc.2d 220, 621 N.E.2d 905 (M.C. 1993) (sign prohibiting left turn at intersection did not comply with uniform manual; therefore, defendant could not be held criminally liable for making the left turn); *State v. Tobin*, 147 Ohio Misc.2d 108, 2008-Ohio-3466, 891 N.E.2d 833 (M.C.) (the failure to comply with signage requirements makes the speed limit unenforceable); *S. Russell v. Blair*, 11th Dist. No. 2005-G-2645, 2006-Ohio-3766, 2006 WL 2042991 (stop sign was not at appropriate height; defendant could not be held criminally liable for failure to stop).

{¶13}  The "requirements for the placement of signs are intended to insure that the driver can see the sign, can understand its meaning, and can have time to respond." *State v. Lechner*, 9th Dist. No. 9430,  (Feb. 13, 1980).  In the instant case, the sign was not posted at the requisite height.  The village did not ask Blum whether he saw the sign nor did it present evidence that the sign was sufficiently legible in spite of the deficiency. The police officer who conducted the traffic stop testified that Blum told him that he thought the speed limit was 35 m.p.h.; consequently, we can conclude that he did not see the sign.  It was the village's burden to offer rebuttal evidence that the sign was properly placed or nonetheless legible. *See State v. Grillot*, 2 Ohio App.2d 81, 206 N.E.2d 420 (2d Dist. 1964) (state failed to produce evidence the sign was legible under the circumstances; thus, judgment should have been granted in plaintiff's favor).  Accordingly, Blum's first assigned error is sustained.  Blum's speeding conviction is vacated.

{¶14}   Given our disposition in the first assigned error, it is unnecessary to address Blum's remaining assigned errors as they are moot.  App.R. 12(A)(1)(c).

{¶15}   Judgment reversed and vacated.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., CONCURS;
COLLEEN CONWAY COONEY, J., DISSENTS;
(SEE ATTACHED DISSENTING OPINION.)

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶16}    I respectfully dissent.  I would affirm Blum's speeding conviction for two reasons.  First, he was traveling at 41 miles per hour, which exceeds even the "default" speed limit he claimed existed in lieu of the posted sign.  Second, R.C. 4511.12(A) provides that if "an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person," it shall not be enforced.  No evidence exists in this record that the sign was not readily observable to Blum or any other observant person.

{¶17}    Moreover, the sign was in the proper position for a rural area like Forbes Road in Oakwood Village, which had a bike and hike path alongside, i.e. five feet from the ground.  The photo introduced at trial demonstrates that the sign was sufficiently legible and above the five-foot minimum required in a rural area.  Therefore, I would affirm.