[Cite as *State v. Clark*, 2025-Ohio-1886.]

STATE OF OHIO         )            IN THE COURT OF APPEALS
                       )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA     )

STATE OF OHIO                          C.A. No.       2025CA0004-M

      Appellee

      v.                                 APPEAL FROM JUDGMENT
                                           ENTERED IN THE
JAMES T. CLARK                     WADSWORTH MUNICIPAL COURT
                                           COUNTY OF MEDINA, OHIO
      Appellant                    CASE No.      TRD24-03083

DECISION AND JOURNAL ENTRY

Dated: May 27, 2025

---

STEVENSON, Judge.

**{¶1}** Defendant-Appellant James Clark appeals the judgment of the Wadsworth Municipal Court that found him guilty of speeding in violation of R.C. 4511.21(D)(5), claiming there was insufficient evidence that a speed limit sign was posted in the area where he was driving This Court affirms.

I.

**{¶2}** Mr. Clark was issued a citation for exceeding the posted speed limit in violation of R.C. 4511.21(D)(5). Following a bench trial in the Wadsworth Municipal Court, Mr. Clark was found guilty and ordered to pay fines and court costs. He was also assessed two points on his driver's license. Mr. Clark timely appealed and asserts one assignment of error for our review. This Court affirms.

II.

**ASSIGNMENT OF ERROR I**

**[MR. CLARK'S] CONVICTION FOR EXCEEDING THE POSTED SPEED LIMIT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.**

**{¶3}** At trial, the State presented the testimony of Lieutenant Scott Schmoll from the Medina County Sheriff's Office. Mr. Clark testified on his own behalf. That collective testimony adduced the following facts. On August 30, 2024, Mr. Clark was driving east on Route 224 in Westfield Township, Medina County, Ohio. Lieutenant Schmoll was driving westbound on that same route when he observed Mr. Clark approaching him. He visually estimated that Mr. Clark was driving at approximately 80 miles per hour. Lieutenant Schmoll activated his Python III radar unit which showed a digital reading of 81 miles per hour. He then made a U-turn and proceeded to follow Mr. Clark. Lieutenant Schmoll testified that the speed limit on the portion of the roadway where he encountered Mr. Clark was 60 miles per hour. As Mr. Clark approached the intersection of Friendsville Road, he got into the left-turn lane, indicating that he was turning north onto Friendsville Road. Lieutenant Schmoll followed Mr. Clark through the intersection then activated his overhead emergency lights to initiate a traffic stop. Mr. Clark pulled into the parking lot of a building.

**{¶4}** When Lieutenant Schmoll approached Mr. Clark to identify him and explain why he had been pulled over, Mr. Clark was polite, cooperative, and said, "'Yeah, I know I was going fast[,]'" and "'I was doing probably about eighty. I saw you and then I slowed down.'" Lieutenant Schmoll told Mr. Clark that he had clocked him at 81 miles per hour and issued a citation for speeding. Mr. Clark admitted on cross-examination that he was "traveling at approximately eighty miles per hour[.]"

{¶5} When asked by Mr. Clark on cross-examination about the presence of any speed limit signs "between where [he] initiated the turnaround to this traffic stop," Lieutenant Schmoll testified "I don't know where they're - - where the speed limit signs are physically posted on that road. I know there are some, but I don't know exactly where they're at."

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶7} R.C. 4511.21(D)(5)(Speed limits; school zones; modifications) provides:

No person shall operate a motor vehicle. . . upon a street or highway as follows:

> . . .

At a speed exceeding the posted speed limit upon a highway, expressway, or freeway for which the director has determined and declared a speed limit pursuant to division (L)(2) or (L)(2) of this section.

{¶8} Mr. Clark does not contest that he was clocked by Lieutenant Schmoll's radar at 81 miles per hour or that the speed limit in the area where he was traveling was 60 miles per hour. Mr. Clark alleges that his conviction was not supported by sufficient evidence because irrespective of his acknowledged violation of the statute, an element of R.C. 4511.21(D)(5) is that the speed limit must be "posted" and the State presented no evidence that a visible speed limit sign was posted in the area between where Lieutenant Schmoll observed him speeding and the place where he was pulled over. We disagree with Mr. Clark.

**{¶9}** Lieutenant Schmoll testified that he knew there were signs in the area, he just could not state exactly where they were from memory. This is sufficient evidence, if believed, to support the fact that a speed limit sign was posted as required by the statute. That Mr. Clark contests Lieutenant Schmoll's testimony and claims there was not a speed limit sign in that area addresses the weight of the evidence and not its sufficiency. The State was only required to establish that the speed limit was posted and Lieutenant Schmoll testified that it was. Lieutenant Schmoll was not required to recall the exact location of the nearest speed limit sign on Route 224 in Medina County. Also, Mr. Clark's question to Lieutenant Schmoll on cross-examination regarding the presence of a speed limit sign was confined to the area between where Mr. Clark was observed speeding and where he was stopped. The lack of a sign in this one area does not establish that there was no sign posted in the area where he was driving *before* he was observed speeding.

**{¶10}** Accordingly, based on the foregoing, after viewing the evidence in the light most favorable to the State, we conclude that the trial court could have found beyond a reasonable doubt that Mr. Clark exceeded the posted speed limit on the day in question and that the evidence was sufficient to sustain his conviction for speeding in violation of R.C. 4511.21(D)(5). Mr. Clark's sole assignment of error is overruled.

III.

**{¶11}** Mr. Clark's assignment of error is overruled and the judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶12} Mr. Clark was convicted of exceeding the posted speed limit on a highway, expressway, or freeway in violation of Revised Code Section 4511.21(D)(5). A driver can be charged with speeding in a number of different ways. For example, one may be charged with exceeding the speed that is "reasonable or proper" under Section 4511.21(A), or one may be charged with driving at a speed in excess of seventy miles per hour under Section 4511.21(D)(4). Section 4511.21(D)(5), however, ties the offense to a "posted speed limit."

{¶13} Signs are "[t]raffic control devices" for purposes of Revised Code Chapter 4511. R.C. 4511.01(QQ). None of the prohibitions in Chapter 4511 for which signage is required can be enforced against the alleged violator "if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." R.C. 4511.12(A). Conversely, if a sign is not required, a prohibition is effective "even though no signs are erected or in place." *Id.* "The 'requirements for the placement of signs are intended to [e]nsure that the driver can see the sign, can understand its meaning, and can have time to respond.'" *Oakwood Village v. Blum*, 2012-Ohio-814, ¶ 13 (8th Dist.), quoting *State v. Lechner*, No. 9430 (9th Dist. Feb. 13, 1980).

{¶14} Because Section 4511.21(D)(5) requires a "posted speed limit[,]" the State was required to present evidence sufficient for the trier of fact to conclude beyond a reasonable doubt that Mr. Clark exceeded a *posted* speed limit. *See State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). Lieutenant Schmoll testified that the speed limit was posted somewhere on the road, but he could not be more specific than that. Even viewing this evidence in the light most favorable to the State, the trier of fact could not reasonably conclude that the elements of Section 4511.12(D)(5) were established. The trial court's observation that there was no speed limit of eighty miles per hour in the State also could not establish that the speed limit was posted because it was akin to taking judicial notice of an element of an offense. *See generally State v. Kareski*, 2013-Ohio-4008, ¶ 21-26.

{¶15} I would conclude that the State did not present sufficient evidence demonstrating that Mr. Clark exceeded a posted speed limit. I would, therefore, sustain his assignment of error and reverse.

{¶16} I respectfully dissent.

APPEARANCES:

JAMES C. CLARK, pro se, for Appellant.

JARED C. ROBERTS, Attorney at Law, for Appellee.