[Cite as *State v. Campbell*, 2011-Ohio-5433.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0120-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL C. CAMPBELL | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 10-TRD-01929 |

DECISION AND JOURNAL ENTRY

Dated: October 24, 2011

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Michael Campbell, appeals from his conviction in the Wadsworth Municipal Court.  This Court affirms.

I

{¶2}    On April 23, 2010, Campbell was issued a citation for speeding, in violation of R.C. 4511.21(D)(2), after an officer used a laser speed measuring device to determine that Campbell had exceeded the posted speed limit.  A motion hearing took place on September 29, 2010.  According to the journal entry scheduling the hearing, the issues to be addressed at the hearing were Campbell's motion to suppress and a request that the court take judicial notice of the accuracy and reliability of the laser device at issue.  On October 4, 2010, the court issued a judgment entry, indicating that it would take judicial notice of the accuracy and reliability of the device based upon the expert testimony presented at the hearing.  A bench trial took place shortly after the hearing, and the court found Campbell guilty of speeding.

**{¶3}** Campbell now appeals from his conviction and raises two assignments of error for our review. We consolidate the assignments of error.

II

Assignment of Error Number One

"WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY TAKING JUDICIAL NOTICE AS TO THE RELIABILITY AND ACCURACY OF THE LASER SPEED DETECTION DEVICE AFTER THE STATE'S EXPERT WITNESS TESTIFIED THAT THE SAME DEVICE HAS A KNOWN DEFECT."

Assignment of Error Number Two

"WHETHER THE TRIAL COURT ERRED BY FINDING THE STATE'S WITNESS CREDIBLE BASED, IN PART, UPON PRIOR DEALINGS BETWEEN THE TRIAL COURT AND THE STATE'S WITNESS, WHEN THE WITNESS'S TESTIMONY ITSELF RAISES DOUBT TO HIS CREDIBILITY."

**{¶4}** In his assignments of error, Campbell challenges the trial court's decision to take judicial notice of the laser device at issue and the evidence supporting his conviction. Because Campbell has failed to provide this Court with a proper transcript, we presume regularity in the proceedings below.

**{¶5}** Loc.R. 5(A)(1)(b) provides as follows:

"Pursuant to [former] App.R. 9(A),[1] a videotape recording of a proceeding that has been certified by the official court reporter may constitute the transcript of proceedings without being transcribed into written form; the parts of a videotape transcript necessary for the court to determine the questions presented, however, must be typed or printed and appended to the appellant's brief. An audiotape recording of a proceeding must be transcribed into written form in all cases."

"When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." *State v. Woods*, 9th Dist.

---

[1] Amendments to App.R. 9 took effect on July 1, 2011.

No. 23414, 2007-Ohio-1423, at ¶9, citing *State v. Johnson*, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶9.

{¶6} The record here only contains a digital recording of both the motion hearing that took place on September 29, 2010 and the bench trial that took place on October 6, 2010. This Court was unable to open the contents of the digital recording submitted with the record, so it is unclear whether the recording is an audio recording or a video recording. Either way, however, the digital recording does not comply with this Court's local rule. While it was certified by the court reporter, the digital recording was not transcribed into written form. Accordingly, Campbell failed to provide this Court with a proper transcript. Loc.R. 5(A)(1)(b) (requiring necessary portions of a certified video recording to be transcribed and for an audio recording to be transcribed in all cases).

{¶7} Both of Campbell's assignments of error depend upon testimony adduced at the motion hearing and trial. This Court does not have a written transcript of either proceeding. In the absence of a proper transcript, this Court must presume regularity in the proceedings and affirm the decision of the trial court. *Woods* at ¶9. Thus, Campbell's assignments of error are overruled.

### III

{¶8} Campbell's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

MICHAEL C. CAMPBELL, pro se, Appellant.

PAGE C. SCHROCK, III, Assistant Director of Law, for Appellee.