[Cite as *State v. Lothes*, 2012-Ohio-1388.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

GEORGE P. LOTHES III

    Appellant

C.A. Nos.    11CA0015-M
    11CA0016-M
    11CA0017-M


APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    10CRB00376
    10CRB00443
    10CRB00444

DECISION AND JOURNAL ENTRY

Dated: March 30, 2012

BELFANCE, Judge.

{¶1} George Lothes appeals his convictions for violating a civil protection order, telecommunications harassment, and menacing by stalking. For the reasons set forth below, we affirm.

I.

{¶2} Three complaints were filed against Mr. Lothes, each charging him with violating a civil protection order. In addition, the first complaint charged him with menacing by stalking while the others charged him with telecommunications harassment. Following a bench trial, Mr. Lothes was found guilty on all six charges. The trial court sentenced him to an aggregate term of 189 days in jail with 177 days suspended.

{¶3} Mr. Lothes has appealed, raising six assignments of error for appeal.

II.

ASSIGNMENT OF ERROR I

APPELLANT WAS DENIED HIS RIGHT TO HAVE COUNSEL PRESENT AT TRIAL[.]

ASSIGNMENT OF ERROR II

THE STATE OFFERED INSUFFICIENT EVIDENCE TO PROVE THAT APPELLANT ACTED RECKLESSLY AS REQUIRED TO BE FOUND GUILTY OF VIOLATING R.C. []2919.27, VIOLATING A PROTECTIVE ORDER[.]

ASSIGNMENT OF ERROR III

THE STATE OFFERED INSUFFICIENT EVIDENCE TO PROVE THAT APPELLANT KNOWINGLY ENGAGED IN PROHIBI[T]ED CONDUCT IN VIOLATION OF R.C. []2903.211, MENACING BY STALKING[.]

ASSIGNMENT OF ERROR IV

THE STATE OFFERED INSUFFICIENT EVIDENCE TO PROVE THAT APPELLANT KNOWINGLY ENGAGED IN PROHIBITED CONDUCT IN VIOLATION OF R.C. []2917.21, TELECOMMUNICATIONS HARASSMENT[.]

ASSIGNMENT OF ERROR V

THE TRIAL COURT APPLIED AN INCORRECT BURDEN OF PROOF IN CONVICTING APPELLANT[.]

ASSIGNMENT OF ERROR VI

THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED UPON EVIDENCE NOT ADMITTED AT TRIAL[.]

{¶4} Mr. Lothes argues that the State failed to produce sufficient evidence to demonstrate that he acted with the required culpable mental state for each of his convictions, that his convictions were against the manifest weight of the evidence, and that he was deprived of his right to counsel. However, because the record on appeal does not contain a transcript of the

proceedings, we are required to presume regularity with the proceedings below. *See State v. Campbell*, 9th Dist. No. 10CA0120-M, 2011-Ohio-5433, ¶ 4-7.

{¶5} The official court reporter for the Wadsworth Municipal Court certified the record before this Court. No written transcript was part of the record, but the record did include a disc marked with the case numbers and the notation "trial to court[.]" After downloading the special program required to access this disc, this Court discovered that the disc was an audio recording of Mr. Lothes' trial. The version of App.R. 9(A) in effect at the time Mr. Lothes filed his appeal provided that "[p]roceedings recorded by means other than videotape *must* be transcribed into written form." (Emphasis added.); *see also* Loc.R. 5(A)(1)(b).

{¶6} While the record does contain a certified digital recording of Mr. Lothes' trial, a written transcript is not part of the record. *See* former App.R. 9(A) and Loc.R. 5(A)(1)(b). Mr. Lothes initially moved to supplement the record with a written transcription of the disc. He also transcribed portions of the trial in the body of his brief. This Court, through a magistrate's order, denied Mr. Lothes' motion to supplement the record with the written transcript, determining that it failed to comply with Loc.R. 6(C). Mr. Lothes filed a motion objecting to the magistrate's decision. Noting that the ruling at issue was an order and not a decision, this Court treated Mr. Lothes' motion as a motion to set aside a magistrate's order. However, because it was filed more than 10 days after the order was issued, this Court denied the motion as untimely. *See* Civ.R. 53(D)(2)(b); App.R. 34(C).

{¶7} "Accordingly, [Mr. Lothes] failed to provide this Court with a proper transcript." *Campbell*, 2011-Ohio-5433, at ¶ 6. "When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." (Internal quotations and citations omitted.) *Id*. at ¶ 5. Although Mr. Lothes may

attempt to avail himself of other remedies, *see, e.g.,* App.R. 26(B), we are constrained to overrule his assignments of error due to the current state of the record.

{¶8} Mr. Lothes' assignments of error are overruled.

III.

{¶9} Mr. Lothes' assignments of error are overruled, and the judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MATTHEW A. PALNIK, Attorney at Law, for Appellant.

PAGE C. SCHROCK, III, Assistant Director of Law, for Appellee.