[Cite as *State v. Tinley*, 2018-Ohio-2239.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0062-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARI BETH TINLEY | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CRB0254 |

DECISION AND JOURNAL ENTRY

Dated: June 11, 2018

CALLAHAN, Judge.

{¶1} Defendant-Appellant, Mari Beth Tinley, appeals from her conviction in the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} As a result of an incident that occurred on March 25, 2017, Ms. Tinley was charged with one count of domestic violence. Her trial date was postponed on two occasions and ultimately set for July 10, 2017. Though she attempted to demand a jury trial a few days before her scheduled trial, the court denied her request as untimely. An acting judge then presided over her trial due to the unavailability of the original judge.

{¶3} The acting judge found Ms. Tinley guilty and scheduled the matter for a presentence interview. Ms. Tinley then filed a motion for new trial, and the original trial judge denied her motion. The court sentenced Ms. Tinley to suspended jail time, one year of probation, and a fine.

**{¶4}** Ms. Tinley now appeals from her conviction and raises seven assignments of error for review. For ease of analysis, this Court consolidates several of her assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 1

THE COURT ERRED BY NOT EITHER CONTINUING THE TRIAL OR PRECLUDING THE STATE'S WITNESSES FROM TESTIFYING DUE TO THEIR FAILURE TO COMPLY WITH CRIMINAL RULE 16.

### ASSIGNMENT OF ERROR NO. 2

THE COURT ERRED BY ALLOWING THE OFFICER TO TESTIFY TO HEARSAY.

### ASSIGNMENT OF ERROR NO. 3

THE PHOTOS WERE NOT PROPERLY DISCLOSED DURING DISCOVERY AND SHOULD NOT HAVE BEEN ADMITTED.

### ASSIGNMENT OF ERROR NO. 4

THE CONVICTION FOR DOMESTIC VIOLENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE WEIGHT OF THE EVIDENCE.

**{¶5}** In the foregoing assignments of error, Ms. Tinley argues that the court committed reversible error during the course of the trial and that her conviction is based on insufficient evidence and is against the manifest weight of the evidence. Because the record does not contain a transcript of the proceedings, this Court has no choice but to presume regularity and reject each of her assignments of error.

**{¶6}** App.R. 9(B)(1) provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, *are transcribed in a form that meets the specifications of App.R. 9(B)(6)*." (Emphasis added.) *See also* Loc.R. 5(A). The transcription of any necessary proceedings is, therefore, required, and an appellant may not rely solely on an audio-recording

for purposes of his or her appeal. *See* App.R. 9(B)(1) and App.R. 9(B)(6) (outlining various formatting requirements for bound volumes of transcripts). *But see* App.R. 9(B)(1) (providing for an exception in expedited abortion-related appeals from juvenile court). "'When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm.'" *State v. Lothes*, 9th Dist. Medina Nos. 11CA0015-M, 11CA0016-M, 11CA0017-M, 2012-Ohio-1388, ¶ 7, quoting *State v. Campbell*, 9th Dist. Medina No. 10CA0120-M, 2011-Ohio-5433, ¶ 5.

{¶7} The record in this matter does not contain any transcripts. Following Ms. Tinley's trial, the court recorder and secretary of the Wadsworth Municipal Court certified that the proceedings had been electronically recorded. Ms. Tinley did not ask the court to appoint a court reporter, but instead filed a praecipe for transcripts directly with the court. Subsequently, the court recorder and secretary filed an affidavit in which she averred that she was the official court reporter for the court. She further averred that the Wadsworth Municipal Court had "filed a complete transcript of all computer entries and proceedings" with this Court of Appeals and that "the same was a true and accurate record of the proceedings * * *." An audio-recording of the trial was included along with her affidavit. Yet, the audio-recording was never transcribed, and Ms. Tinley took no further action to secure a transcript.

{¶8} Upon review, this Court cannot resolve Ms. Tinley's first, second, third, or fourth assignments of error on their merits in the absence of a trial transcript. The audio-recording contained in the record does not comport with App.R. 9 and is not a substitute for a proper transcript. *See Lothes* at ¶ 6-7; *Campbell* at ¶ 6-7. Because Ms. Tinley failed to ensure that these proceedings were transcribed in accordance with App.R. 9, this Court has no choice but to "'presume the regularity of the proceedings in the trial court and affirm.'" *Lothes* at ¶ 7, quoting

*Campbell* at ¶ 5.  Consequently, her first, second, third, and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 5

THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED.

{¶9}    In her fifth assignment of error, Ms. Tinley argues that her statutory speedy trial rights were violated.  This Court rejects her argument.

{¶10}  To preserve a statutory speedy trial argument for appeal, a defendant must invoke her speedy trial rights "at or prior to the commencement of trial."  R.C. 2945.73(B).  *Accord State v. Griffin*, 9th Dist. Medina No. 2440-M, 1995 Ohio App. LEXIS 5613, *3 (Dec. 20, 1995).  A defendant who fails to assert her speedy trial rights in a timely manner forfeits those rights and is limited to a claim of plain error on appeal.  *See State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 20; *Griffin* at *3.  Even so, "[t]his Court has repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it."  *State v. Jacobs*, 9th Dist. Summit No. 27545, 2015-Ohio-4353, ¶ 33.

{¶11}  The record reflects that, prior to trial, Ms. Tinley never filed a motion to dismiss or discharge this matter based on a violation of her speedy trial rights.  Though she claims that she raised a speedy trial argument at trial, this Court cannot confirm that she did so due to the absence of a trial transcript.  *See State v. Suttles*, 9th Dist. Summit No. 28748, 2018-Ohio-1607, ¶ 5 (presuming regularity where appellant failed to provide transcript).  Absent any indication in the record that Ms. Tinley invoked her speedy trial rights "at or prior to the commencement of trial," R.C. 2945.73(B), this Court must conclude that she forfeited those rights and is now limited to a claim of plain error.  *See Carter* at ¶ 20.  Ms. Tinley, however, has not argued plain

error on appeal, and this Court will not construct an argument on her behalf.  *See Jacobs* at ¶ 33.

Accordingly, her fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 6

IT WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION TO NOT CONSIDER THE DEFENDANT'S MOTION FOR A NEW TRIAL.

{¶12}  In her sixth assignment of error, Ms. Tinley argues that the trial court abused its discretion when it failed to consider several aspects of her motion for a new trial.  This Court disagrees.

{¶13}  Crim.R. 33(A) allows a defendant to move for a new trial when her substantial rights have been materially affected.  A trial court's ultimate decision to grant or deny a motion for new trial is one this Court reviews for an abuse of discretion.  *State v. McQuistan*, 9th Dist. Medina No. 17CA0007-M, 2018-Ohio-539, ¶ 43.  An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14}  Due to the unavailability of the original trial judge in this matter, an acting judge presided over Ms. Tinley's trial.  The original trial judge then received Ms. Tinley's motion for a new trial.  In ruling on the motion, the original trial judge indicated that he was unwilling to "second guess" the acting judge's evidentiary rulings or decision to deny a continuance of the trial date.  According to Ms. Tinley, the original trial judge's refusal to "second guess" those rulings amounted to "an absolute refusal to consider the merits of [her] motion * * *."  She argues that it was unreasonable for the original trial judge to deny her motion based on "some sense of judicial loyalty to [the] acting judge * * *."

{¶15}  Ms. Tinley has made no attempt to explain how she was prejudiced by the court's handling of her motion.  *See* Crim.R. 52(A).  She has not explained why the underlying

arguments she advanced in her motion were meritorious. *See* App.R. 16(A)(7). Moreover, because she has not provided this Court with a transcript, she also has not ensured that this Court possesses an adequate record for review. *See State v. Brooks*, 9th Dist. Lorain No. 16CA010958, 2017-Ohio-5620, ¶ 6, quoting *State v. Keene*, 9th Dist. Lorain No. 06CA008880, 2006-Ohio-6676, ¶ 22 ("'[T]he burden of ensuring that the record on appeal is complete is placed on appellant."'). For the foregoing reasons, this Court rejects her argument that the trial court erred in its ruling on her motion for a new trial. Ms. Tinley's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 7

> THE DEFENDANT'S RIGHT TO DUE PROCESS BY THE CASE BEING HEARD BY AN ACTING JUDGE INSTEAD OF A JURY. (Sic.)

**{¶16}** In her seventh assignment of error, Ms. Tinley argues that her due process rights were violated because, after an acting judge was appointed to preside over her trial, she was denied the opportunity to demand a jury. For the following reasons, this Court rejects her argument.

**{¶17}** Pursuant to R.C. 1901.121(A)(2)(a), a municipal judge may appoint an attorney to act in his or her stead if the municipal judge is the only one serving the municipality and he or she must be temporarily absent. Ms. Tinley does not dispute this statutory authority or otherwise argue that the original trial judge lacked the authority to appoint an acting judge. Instead, she argues that the timing of the appointment violated her due process rights because it occurred too close to her trial, such that she did not have the opportunity to make a timely demand for a jury trial.[1]

---

[1] Although Ms. Tinley repeatedly references a 14-day window as the timeframe within which she had to request a jury, the 14-day timeframe only applies in civil cases. *See* Civ.R. 38(B). In petty offense cases, a defendant must file a jury demand not less than ten days before trial. *See* Crim.R. 23(A).

{¶18} The record is devoid of any journal entry or docket notation evidencing the formal appointment of an acting judge in this matter. Consequently, it is not clear from the record when the original trial judge actually appointed the acting judge who presided over Ms. Tinley's trial. The record reflects that Ms. Tinley filed a jury demand five days before her scheduled trial date, and, the following day, a visiting judge (i.e., not the original judge or the acting judge) signed an entry denying her demand as untimely. Four days later, the acting judge issued a judgment entry, finding Ms. Tinley guilty and referring the matter for a presentence interview. No motions, entries, or notations were filed or entered in the four days between the visiting judge's denial of Ms. Tinley's written jury demand and the acting judge's judgment entry.

{¶19} According to Ms. Tinley, she did not receive any advance notice that her trial would be heard by an acting judge. She alleges that she "specifically renewed [her] jury demand at the start of the trial" to preserve this issue for review. As repeatedly noted, however, the record does not contain a transcript of the proceedings, so this Court cannot determine whether Ms. Tinley raised this issue at the start of trial. Although she filed a jury demand five days before her scheduled trial, she never indicated that she did so due to the appointment of an acting judge. She simply filed a demand for a jury, and the visiting judge denied it as untimely. Based on Ms. Tinley's representation that she did not receive *any* advance notice of the appointment of the acting judge, it does not appear that her written jury demand bore any relation to that appointment.

{¶20} Upon review, Ms. Tinley has not demonstrated that she preserved this issue for appeal by timely raising it in the lower court. *See State v. Fitzgerald*, 9th Dist. Summit No. 23072, 2007-Ohio-701, ¶ 8 ("[A] forfeiture occurs where a party fails to assert a right or make an objection before the trial court in a timely fashion."). Without a transcript, this Court cannot

confirm that she renewed her jury demand or otherwise raised a due process argument on that basis at trial. Further, even assuming the lack of a transcript would not foreclose her from prevailing on a claim of plain error, she has not argued plain error on appeal. *See Jacobs*, 2015-Ohio-4353, at ¶ 33. Accordingly, this Court has no choice but to "'presume the regularity of the proceedings in the trial court and affirm.'" *Lothes*, 2012-Ohio-1388, at ¶ 7, quoting *Campbell*, 2011-Ohio-5433, at ¶ 5. Ms. Tinley's seventh assignment of error is overruled.

III.

**{¶21}** Ms. Tinley's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

SEAN C. BUCHANAN, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.