[Cite as *Mazanec, Raskin & Ryder Co., L.P.A. v. Marinkovic*, 2022-Ohio-1085.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MAZANEC, RASKIN & RYDER CO.,
LPA

     Appellee

     v.

SLOBODAN MARINKOVIC, et al.

     Appellants

C.A. No.     21CA0042-M


APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.     21CVI00186

DECISION AND JOURNAL ENTRY

Dated: March 31, 2022

CARR, Judge.

**{¶1}** Defendants-Appellants Slobodan Marinkovic and Boban Transport, Inc. appeal from the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

**{¶2}** On March 16, 2021, Plaintiff-Appellee Mazanec, Raskin & Ryder Co., L.P.A. filed a complaint in the small claims division for unpaid legal services rendered to Slobodan Marinkovic and Boban Transport, Inc. A trial was held on May 28, 2021. The trial court found in favor of Mazanec, Raskin & Ryder Co., L.P.A. in the amount of $3,822.51 plus interest.

**{¶3}** Slobodan Marinkovic and Boban Transport, Inc. have appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRORED WHEN IT INCORRECTLY CONFLATED "HOURLY RATE" LEGAL SERVICES WITH A "CONTINGENT FEE AGREEMENT" ARRANGEMENT. THE APPELLEE-PLAINTIFFS PLEADED IN THEIR COMPLAINT THAT LEGAL SERVICES WERE PROVIDED TO THE APPELLANT-DEFENDANTS AND "BILLED AT AN HOURLY RATE" INSTEAD OF PLEADING A CONTINGENCY FEE ARRANGEMENT AS THEIR CLAIM ASSERTED FOR RELIEF.  (SIC)

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRORED WHEN IT AFFIRMED THE ENFORCEABILITY OF THE CONTINGENT FEE AGREEMENT DESPITE BEING PRESENTED WITH AN EXACT COPY DURING TRIAL WHICH LACKED REQUIRED SIGNATURES BY BOTH THE APPELLANT AND APPELLEE.  MOREOVER, THE TRIAL COURT IS INADVERTENTLY ASSISTING WITH VIOLATION OF OHIO RULES OF PROFESSIONAL CONDUCT 1.5.  (SIC)

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRORED IN ITS INTERPRETATION OF "RECOVERY."  NO "RECOVERY" WAS MADE BY THE APPELLEE-PLAINTIFF ON BEHALF OF THE APPELLANT-DEFENDANT.  A NON-CLIENT, THIRD-PARTY CLOSED PAYMENT TRANSACTION DOES NOT TRIGGER A CONTINGENCY FEE PAYMENT FOR THE APPELLEE.  (SIC)

{¶4}    Slobodan Marinkovic and Boban Transport, Inc. argue in their first assignment of error that the trial court erred in basing its decision on evidence presented at trial of a contingency fee agreement when the complaint indicated charges were based upon an hourly rate.  They assert in their second assignment of error that the trial court erred in finding the contingency fee agreement enforceable when it was not signed by all parties.  Slobodan Marinkovic and Boban Transport, Inc. maintain in their third assignment of error that the trial court erred in its interpretation of the word "recovery."

{¶5}    Unfortunately, this Court is unable to review the merits of these arguments as there is no written transcript of the proceedings in the record before us.

**{¶6}** As this Court has stated before:

App.R. 9(B)(1) provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, *are transcribed in a form that meets the specifications of App.R. 9(B)(6)*." (Emphasis added.) See also [former] Loc.R. 5(A)[; Loc.R. 9(A)]. The transcription of any necessary proceedings is, therefore, required, and an appellant may not rely solely on an audio-recording for purposes of his or her appeal. *See* App.R. 9(B)(1) and App.R. 9(B)(6) (outlining various formatting requirements for bound volumes of transcripts). *But see* App.R. 9(B)(1) (providing for an exception in expedited abortion-related appeals from juvenile court). "When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." *State v. Lothes*, 9th Dist. Medina Nos. 11CA0015-M, [11CA0016-M, 11CA0017-M,]2012-Ohio-1388, ¶ 7, quoting *State v. Campbell*, 9th Dist. Medina No. 10CA0120-M, 2011-Ohio-5433, ¶ 5.

(Internal quotations omitted). *State v. Tinley*, 9th Dist. Medina No. 17CA0062-M, 2018-Ohio-2239, ¶ 6.

**{¶7}** Here, the record does not contain any transcripts. While the record does contain a DVD of the proceedings, that recording does not comport with App.R. 9 and is not a substitute for a proper transcript. *Id.* at ¶ 8.

**{¶8}** Slobodan Marinkovic and Boban Transport, Inc. assert that a transcript is unnecessary to review their assignments of error because the trial exhibits are part of the record. They maintain that those exhibits provide a sufficient basis to review the merits of their arguments. Slobodan Marinkovic and Boban Transport, Inc. are mistaken, however. The trial court did not enter judgment based solely upon the exhibits. It did so only after considering the testimony *and* exhibits. The trial could have included stipulations or concessions by the parties as well as testimony that might have provided context for the exhibits. Absent a complete record of the proceedings before the trial court, which formed the basis for its decision, we are unable to properly review the arguments raised. Given the absence of a trial transcript in the record, we have no

choice but to presume regularity in the trial court proceedings and affirm the decision of the trial court. *See id.*

{¶9}    Slobodan Marinkovic's and Boban Transport, Inc.'s three assignments of error are overruled.

III.

{¶10}   The assignments of error are overruled.  The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DARRIN DIMOFF, Attorney at Law, for Appellants.

GEORGE V. PILAT, Attorney at Law, for Appellee.

DONALD A. MAUSAR, Attorney at Law, for Appellee.