[Cite as *State v. Gibson*, 2022-Ohio-1653.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

STATE OF OHIO                            C.A. No.      30078

     Appellee

     v.                                 APPEAL FROM JUDGMENT
                                            ENTERED IN THE
YOLONZO A. GIBSON                COURT OF COMMON PLEAS
                                            COUNTY OF SUMMIT, OHIO
     Appellant                       CASE No.     CR 20 11 3136

## DECISION AND JOURNAL ENTRY

Dated: May 18, 2022

---

CALLAHAN, Judge.

**{¶1}** Appellant, Yolonzo Gibson, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On October 8, 2020, Mr. Gibson's mother placed a 911 call to report that her son was beating up his girlfriend. She informed the dispatcher that Mr. Gibson was mentally ill and was not taking his medication. When Tallmadge police officers arrived at the apartment building where Mr. Gibson lived in a unit next door to his mother and stepfather, they heard noise in Mr. Gibson's unit that quieted when they knocked and announced their presence. The officers spoke with Mr. Gibson's stepfather, who confirmed that they had placed the 911 call and urged them to enter Mr. Gibson's apartment forcibly.

**{¶3}** After approximately ten minutes, during which the officers repeatedly knocked and announced their presence, they kicked in the door to Mr. Gibson's apartment. Upon entering, they

found Mr. Gibson and J.K. in a darkened bedroom. J.K., who was visibly injured, initially denied that Mr. Gibson caused her injuries. Once the officers removed Mr. Gibson from the apartment, however, J.K. became highly emotional, thanked the officers for their intervention, and explained that Mr. Gibson had held her captive in the apartment for three days. In addition to J.K.'s injuries, the officers noted that the bathroom sink was filled with bloody water.

{¶4} Mr. Gibson was indicted on one count of abduction in violation of R.C. 2905.02(A)(2)/(C) and one count of assault in violation of R.C. 2903.13(A)/(C). Mr. Gibson was arraigned on November 24, 2020, at which time he indicated that he wished to represent himself in the proceedings. Appointed counsel represented him during the arraignment, then withdrew. In response to his request to represent himself, the State informed the trial court that Mr. Gibson may have had mental health issues, expressed reservations about his self-representation, and requested a competency evaluation. The trial court scheduled another pretrial for December 1, 2020.

{¶5} During that pretrial, Mr. Gibson again insisted that he wished to represent himself. The trial court scheduled another pretrial for one week later. On December 8, 2020, Mr. Gibson appeared by video. He reiterated that he wanted to represent himself, and the trial court initiated a colloquy with him in that regard. Mr. Gibson also insisted that he did not want the trial court to appoint backup counsel. The State interjected during the colloquy and requested that the Court "inquire of Mr. Gibson who his caseworker is and what his medications were at the time of the incident" because "[h]is mother did indicate that he at the time had ADHD, schizophrenia and bipolar." In response to this inquiry, Mr. Gibson stated that he had been diagnosed with major depression while in prison but denied that he had been diagnosed with schizophrenia and that he had previously been on medication.

{¶6} The trial court ordered a competency evaluation despite Mr. Gibson's opposition. The trial court then set the case for trial, scheduled another pretrial, and—despite Mr. Gibson's continued resistance—appointed counsel. At his next appearance, on February 16, 2021, Mr. Gibson again voiced his dissatisfaction with having any representation. Because his appointed attorney was not present, the trial court scheduled another pretrial for the following week.

{¶7} On February 23, 2021, the trial court conducted the next pretrial. The State represented that the competency evaluation had not been completed and suggested that the March 19, 2021, trial date should be continued. Mr. Gibson's appointed attorney informed the trial court that Mr. Gibson had twice refused to cooperate with the evaluation. In response, Mr. Gibson reiterated that he did not want to be represented by counsel. The trial court ordered him to be evaluated at North Coast Behavioral Health for twenty days as a prerequisite to considering his waiver of counsel.

{¶8} Mr. Gibson appeared again for a pretrial on June 1, 2021. At that time, the competency evaluation had been completed and provided to the trial court, but it had not yet been provided to appointed counsel. Noting that the evaluation found Mr. Gibson to be competent, the trial court granted a continuance at the request of appointed counsel. On June 8, 2021, the parties appeared for another pretrial. Appointed counsel informed the trial court that he had reviewed the competency evaluation with Mr. Gibson, who had "repeatedly said * * * that he wishes to represent himself in this matter." Appointed counsel noted that he had reviewed the issue with Mr. Gibson, but Mr. Gibson was firm in his desire to represent himself. At that point, the trial court conducted a colloquy with Mr. Gibson regarding his waiver of counsel. Mr. Gibson also waived his right to a jury trial.

{¶9} The trial court found Mr. Gibson guilty of both charges and sentenced him to thirty-six months in prison for the abduction charge and six months in jail for the assault charge, to run concurrently. Mr. Gibson appealed. His two assignments of error are addressed in reverse order for ease of disposition.

II.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION[.]

{¶10} Mr. Gibson's second assignment of error argues that his right to a speedy trial was violated because he was not brought to trial within ninety days. In the alternative, he argues that the trial court committed plain error in this regard.

{¶11} Ohio's speedy trial statute, R.C. 2945.71, provides that an individual who has been charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). When a defendant is incarcerated without bail on the pending charge, each day is counted as three days. R.C. 2945.71(E). The rights described in R.C. 2945.71 are coextensive with constitutional speedy trial guarantees. *State v. King*, 70 Ohio St.3d 158, 160 (1994), citing *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶12} Speedy trial rights must be invoked "'at or prior to the commencement of trial[]'" in order to preserve error for purposes of appeal. *State v. Tinley*, 9th Dist. Medina No. 17CA0062-M, 2018-Ohio-2239, ¶ 10, quoting R.C. 2945.73(B). A defendant who fails to do so can argue only plain error on appeal. *Tinley* at ¶ 10, citing *State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 20 and *State v. Griffin*, 9th Dist. Medina No. 2440-M, 1995 WL 752663, *1

(Dec. 20, 1995). Mr. Gibson did not assert his speedy-trial rights in the trial court, so this Court's review is limited to plain error. *See generally* Crim.R. 52(B).

{¶13} Crim.R. 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis in original.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14. *See also State v. LaRosa*, 165 Ohio St.3d 346, 2021-Ohio-4060, ¶ 40. This Court can only notice plain error when there has been a deviation from a legal rule that constitutes an obvious defect in the trial proceedings that affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). We do so only in exceptional circumstances to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶14} R.C. 2945.72(H) explains that the timeframe in which an accused must be tried may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" In this case, the timeframe disputed by the parties is narrow. Mr. Gibson argues that the continuance granted at the request of appointed counsel to review his competency evaluation was not one made "upon the accused's own motion" because he had repeatedly asserted that he did not want to be represented by counsel. *See* Crim.R. 52(B). The State, on the other hand, maintains that because the trial court appointed counsel to represent Mr. Gibson until the competency issue was resolved, the continuance was made upon his motion. Whether considered as a continuance requested on Mr. Gibson's own motion or not, however, the outcome in this case is the same because the continuance was reasonable under the circumstances given Mr. Gibson's repeated requests to represent himself and the credible information that led the State to believe that he could be

suffering from untreated mental illness. *See generally* R.C. 2945.72(H). Consequently, even if this Court accepts Mr. Gibson's speedy-trial calculation as accurate up to the point of the continuance requested by appointed counsel on June 1, 2021, his speedy-trial rights were not violated.

{¶15} The trial court did not violate Mr. Gibson's right to a speedy trial. Because "error * * * [is] the starting point for a plain-error inquiry[,]" Mr. Gibson's second assignment of error is not well-taken. *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001); Crim.R. 52(B).

### ASSIGNMENT OF ERROR NO. 1

ADMISSION OF THE BODY CAMERA FOOTAGE WAS A VIOLATION OF APPELLANT'S RIGHT TO CONFRONTATION UNDER THE UNITED STATES CONSTITUTION AND WAS ALSO IMPERMISSIBLE HEARSAY AS NONE OF THE THREE WITNESSES TESTIFIED AT TRIAL[.]

{¶16} In his first assignment of error, Mr. Gibson maintains that the body camera footage that captured out-of-court statements made by his mother and stepfather and by J.K. was inadmissible hearsay evidence and that its admission violated his rights under the Confrontation Clause.

{¶17} Mr. Gibson did not object to the admission of the body camera footage at trial, and so he has forfeited all but plain error for purposes of this appeal. *See generally* Crim.R. 52(B). *See also State v. Doss*, 9th Dist. Wayne No. 18AP0027, 2019-Ohio-436, ¶ 4. The burden of demonstrating plain error falls to the appellant. *See Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, at ¶ 14; *LaRosa*, 165 Ohio St.3d 346, 2021-Ohio-4060, at ¶ 40. Mr. Gibson, however, has not provided this Court with an argument that there was plain error that affected his substantial rights. This Court declines to construct such an argument on his behalf. *See Tinley*, 2018-Ohio-2239, at ¶ 11.

{¶18} Mr. Gibson's first assignment of error is overruled.

III.

**{¶19}** Mr. Gibson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, P rosecuting Attorney, and JACQUENETTE S. CORGAN, assistant Prosecuting attorney, for Appellee.