[Cite as *State v. Luster*, 2023-Ohio-4227.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30669 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| COREY LEE LUSTER | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 20 11 3451 |

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

FLAGG LANZINGER, Judge

{¶1} Corey Luster appeals the judgment of the Summit County Court of Common Pleas that awarded him 191 days of jail-time credit. This Court affirms.

I.

{¶2} On December 1, 2020, Luster was indicted on three counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), felonies of the first degree. Luster was already incarcerated for convictions in four previous cases when the indictment was issued. Luster's prison term for those previous convictions commenced on September 16, 2020.

{¶3} On June 9, 2021, Luster pled guilty to three amended counts of aggravated trafficking in drugs, felonies of the second degree. The trial court imposed an agreed aggregate prison term of six-to-seven years and ordered the new sentence to run concurrently with the prison terms of Luster's previous cases. In its initial sentencing order, the trial court ordered 77 days of jail-time credit.

{¶4} On February 9, 2022, Luster filed a motion for jail-time credit alleging he did not receive all the jail-time credit to which he was entitled. Luster indicated he was held in custody starting December 7, 2019, even though he was not indicted until December 1, 2020. Luster requested an additional 707 days of jail-time credit. The trial court granted Luster's motion in part and awarded an additional 114 days of jail-time credit. Luster now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANTS [SIC] FULL JAIL TIME CREDIT PER AGREEMENT OF ALL PARTIES INVOLVED DURING SENTENCING.**

{¶5} Luster argues that the trial court erred by not awarding him additional jail-time credit as agreed upon by the parties in a negotiated plea. Luster asserts that the terms of the negotiated plea were stated orally during his sentencing hearing. However, the transcript of the sentencing hearing is not part of the record on appeal.

{¶6} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also Cook v. Bell*, 9th Dist. Summit No. 25092, 2010-Ohio-3579, ¶ 10 ("[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment."). Under Local Rule 9(A), the duty of arranging for the transmission of the record, including transcripts of proceedings, falls to the appellant. *See Lorson v. Lorson*, 9th Dist. Summit No. 28601, 2017-Ohio-8562, ¶ 5-7. *See also* App.R. 9(B). "When an appellant fails to provide a complete and proper

transcript, a reviewing court will presume the regularity of the proceedings in the trial court and affirm." *State v. Lothes*, 9th Dist. Medina Nos. 11CA0015-M, 11CA0016-M, 11CA0017-M, 2012-Ohio-1388, ¶ 7, quoting *State v. Campbell*, 9th Dist. Medina No. 10CA0120-M, 2011-Ohio-5433, ¶ 5.

{¶7} Here, the record does not contain any transcripts. This Court is unable to review the merits of Luster's argument as there is no written transcript of the sentencing hearing in the record before us. Without a transcript of the sentencing hearing, this Court is unable to undertake a complete review of the sentencing hearing or the terms of the negotiated plea and jail-time credit. This Court must presume regularity in the trial court's proceedings and affirm. Luster's assignment of error is overruled.

III.

{¶8} Luster's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                          

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

COREY LEE LUSTER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.